## JONES *v.* LANFORD.

ATKINSON, J. 1. Among the charter provisions of the City of Atlanta are the following: "The Mayor, or in his absence the Mayor pro tem., shall have full power and authority to hold, at such times and places and under such rules and regulations as may be prescribed by ordinances, a Mayor's Court for said city for the trial of offenders against the ordinances of said city, and impose such penalties for violations thereof as may be prescribed by ordinance, not exceeding five hundred dollars, and imprisonment or labor on public works for thirty days, for each offense. The like authority may be conferred upon any one member of the General Council, to be regulated by ordinance." The city recorder is given similar power. "The said Mayor and General Council shall have

power and authority to prescribe, by ordinance, adequate penalties for all offenses against the ordinances of said city, and to punish offenders by fines not exceeding five hundred dollars, and imprisonment in the calaboose not exceeding thirty days, for each offense; to enforce the payment of fines by compelling offenders, and those who fail or refuse to pay said fines, to work on the streets or public works of the city. They shall have power to compel offenders sentenced to imprisonment in the calaboose, as aforesaid, to labor on the public works or streets, to be regulated by ordinance." City Code of Atlanta (1910), §§ 20, 57, 97; Ga. L. 1874, pp. 117 (§ 4), 120 (§ 16), 146 (§ 141); Ga. L. 1890-91, vol. 2, p. 454, § 4. *Held:* Construed together, these provisions of the charter authorize the adoption of ordinances whereby, among other punishments, a person convicted of violating any ordinance of the city may be sentenced to labor on the streets or public works for thirty days, without any provision for discharge upon payment of a fine.

2. An ordinance of the City of Atlanta declares, in part: "It shall be unlawful for any person to be and appear on the streets of said city in an intoxicated condition; and any person so offending shall, on conviction thereof before the recorder of said city, pay a fine of not exceeding one hundred dollars, or be imprisoned not longer than thirty days, either or both in the discretion of the court." City Code of Atlanta (1910), § 1766. Another ordinance declares: "When any person is convicted of an offense against the laws and ordinances of the city before the Recorder, or Mayor, or Mayor pro tem., or other presiding officer, it shall be discretionary with the court to punish such offenses [offenders] by ordering them to work on the streets or public works of the city, under the supervision of the proper officer; and payment of all fines not otherwise paid may be enforced by work as aforesaid." City Code of Atlanta (1910), § 926. *Held:* The provision in section 1766, that a person convicted of a violation of that ordinance shall "pay a fine of not exceeding one hundred dollars, or be imprisoned not longer than thirty days, either or both in the discretion of the court," is to be construed in connection with the provision of section 926, supra, that it is discretionary with the court to punish persons convicted of any offenses against the laws and ordinances of the city, "by ordering them to work on the streets or public works of the city, under the supervision of the proper officer." So construed, the two ordinances authorize the punishment of a person convicted of appearing on the streets of the city in an intoxicated condition, in violation of section 1766, supra, by a sentence of the recorder requiring him to serve twenty-nine days on the public works of the city, without any alternative. *Loeb* v. *Jennings,* 133 *Ga.* 796 (67 S. E. 101, 18 Ann. Cas. 376).

3. It was not error to refuse to discharge the person in custody upon the writ of habeas corpus. *Judgment affirmed. All the Justices concur.*

April 27, 1914.

Habeas corpus. Before Judge Bell. Fulton superior court. September 29, 1913.

*John A. Boykin,* for plaintiff.

*J. L. Mayson* and *W. D. Ellis Jr.,* for defendant.